FILED IN OPEN COURT

AUG 0 5 2022

CHARLES R. DIARD, JR.
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRANDON WASHINGTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 1:17-cv-00095-MU |
| | ) |
| **DAVID DENNIS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF ALL EVIDENCE

COME NOW the Defendants, separately and severally and through their undersigned counsel of record, and move this Court at the close of all evidence and pursuant to Rule 50(a) of the Federal Rules of Civil Procedure for an Order granting judgment in their favor as a matter of law on each and every claim asserted by Plaintiff, and as grounds therefore show unto this Court as follows.

Defendants, separately and severally, are entitled to entry of judgment in their favor as a matter of law at the close of all evidence upon the following grounds:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted against each and every named Defendant.

2. There is insufficient evidence admitted at trial to allow Plaintiff's claim for use of excessive force under § 1983 to be submitted to the jury as to each and every named Defendant.

3. There is insufficient evidence admitted at trial to allow Plaintiff's claim for use of excessive force under § 1983 to be submitted to the jury as to each and every named Defendant because there is no evidence that the force was not applied in a good faith effort to maintain or to restore discipline, or that force was applied maliciously or sadistically in order to cause harm.

48741014 v1

4.     There is insufficient evidence admitted at trial to allow Plaintiff's claim for use of excessive force under § 1983 to be submitted to the jury as to each and every named Defendant as any use of force was done to preserve discipline and security.

5.     There is insufficient evidence admitted at trial that Plaintiff sustained more than a *de minimis* injury so as to give rise to a claim for use of excessive force under § 1983.

6.     There is insufficient evidence admitted at trial to allow Plaintiff's claim for use of excessive force under § 1983 to be submitted to the jury as to each and every named Defendant as prison officers are authorized to use force when a prisoner repeatedly fails to obey an order.

7.     There is insufficient evidence admitted at trial to allow the claim for failure to protect Plaintiff or to intervene against the use of excessive force to be submitted to the jury as to each and every named Defendant.

8.     There is insufficient evidence admitted at trial to allow any claim based upon supervisory liability to be submitted to the jury as to each and every Defendant as there is no evidence of personal participation in the alleged unconstitutional conduct.

9.     There is insufficient evidence admitted at trial to allow any claim based upon supervisory liability to be submitted to the jury as to each and every Defendant as there is no causal connection between the actions of any supervising Defendant and any alleged constitutional deprivation.

10.    There is insufficient evidence admitted at trial to allow any claim based upon supervisory liability to be submitted to the jury as there is no *respondeat superior* liability under § 1983.

11.    There is insufficient evidence admitted at trial to allow any claim against any Defendant based upon an alleged failure to prevent use of excessive force as there is no evidence

that any Defendant observed or had reason to know that excessive force would be or was about to be used and had the opportunity and means to prevent such harm from occurring.

12. Mere presence of any Defendant at the scene of an excessive use of force is insufficient to allow a claim premised upon a failure to intervene to be submitted to the jury.

13. There is insufficient evidence admitted at trial to submit a claim against any Defendant based upon failure to intervene to the jury as a Defendant may only be liable for failing to protect an inmate if such Defendant was actually in position to intervene yet failed to do so.

14. There is insufficient evidence admitted at trial to allow the claim for assault and battery to be submitted to the jury as to each and every named Defendant.

15. There is insufficient evidence admitted at trial to allow a claim for assault and battery against any Defendant to be submitted to the jury as correctional officers are privileged to utilize force under the evidence presented.

16. Defendants, separately and severally, are entitled to judgment as a matter of law on Plaintiff's claims as they are entitled to qualified immunity.

17. Defendants, separately and severally, are entitled to judgment as a matter of law on Plaintiff's claims as they are entitled to state agent immunity conferred by the Alabama Constitution § 14 as construed in *Ex parte Cramnan*, 792 So. 2d 392 (Ala. 2000) and subsequent cases.

18. Defendants, separately and severally, are entitled to judgment as a matter of law on Plaintiff's claims as they are entitled to peace officer immunity under ALA. CODE § 6-5-338.

19. There is insufficient evidence of any intentional, unlawful offer by any Defendant to touch Plaintiff's person in a rude or angry manner so as to create in Plaintiff's mind a fear of an imminent battery.

20. There is insufficient evidence of any touching of Plaintiff in a hostile manner by any Defendant.

21. There is insufficient evidence admitted at trial of damages to allow Plaintiff's claims to be submitted to the jury as to each and every named Defendant.

22. There is insufficient evidence admitted at trial to allow any claim for punitive damages to be submitted to the jury.

23. There is insufficient evidence of fraud, malice, oppression, or wantonness on the part if any Defendant to allow any claim of punitive damages to be considered by the jury.

24. Plaintiff's claims for punitive damages against each and every Defendant are barred by, subject to, or limited by the provisions of the Alabama Code, including but not limited to Ala.Code §§ 6-11-20, -21, and -26.

25. Plaintiff's claims for punitive damages are barred by, subject to or limited by the provisions of the Constitution of the State of Alabama.

26. Plaintiff's claims for punitive damages are barred by, subject to, or limited by the provisions of the Federal Constitution, including but not limited to the Due Process Clause and the Equal Protection Clause.

WHEREFORE, these premises considered, Defendants separately and severally move this Court at the close of Plaintiff's evidence and pursuant to Rule 50 of the Federal Rules of Civil Procedure for the entry of judgment in their favor on each and every claim asserted by Plaintiff, and for such other, further, or different relief to which they may be entitled.

Respectfully submitted,

*s/ Michael D. Strasavich*
| | |
|---|---|
| H. WILLIAM WASDEN | (WASDH4276) |
| MICHAEL D. STRASAVICH | (STRAM9557) |
| TAYLOR BARR JOHNSON | (BARRT8851) |
| JOSHUA M. CROWNOVER | |

***Attorneys for Defendants***

OF COUNSEL:
BURR & FORMAN LLP
Post Office Box 2287
Mobile, Alabama 36652
Telephone: (251) 344-5151
Facsimile: (251) 344-9696
Email:     bwasden@burr.com
           mstrasavich@burr.com
           tjohnson@burr.com
           jcrownover@burr.com

## CERTIFICATE OF SERVICE

      I do hereby certify that I have served a copy of the foregoing by hand delivering same to the following in open court on this the 5th day of August, 2022:

Henry Brewster, Esq.
Henry Brewster, LLC
205 North Conception Street
Mobile, Alabama 36603
hbrewster@brewsterlaw.com

Judson E. Crump, Esq.
Judson E. Crump, P.C.
250 Congress Street
Mobile, Alabama 36603
judson@judsonecrump.com

                                                    /s/ *Michael D. Strasavich*
                                                    OF COUNSEL